UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| SONJA TREMONT-MORGAN, *et al.* | Case No. 10-16132-SCC |
| Debtors. | (Substantively Consolidated) |

----------------------------------------------------------x

## STATUS UPDATE ON LOAN CLOSING

The Debtor has now received written confirmation that a mortgage closing is scheduled for Thursday, May 21, 2015 at 2:00 p.m., with a funding on Thursday, May 28, 2015. A copy of the e-mail confirmation is attached hereto as Exhibit "A", setting forth the protocol for the simultaneous closing. The Lender is treating the loan as a refinance, which carries a three business day rescission period. Because of the intervening Memorial Day Weekend, the first funding date is May 28, 2015. Accordingly, the Debtor will move at the status conference to extend the end date for the conditions of Scenario One to occur from May 15, 2015 to May 29, 2015.

Additionally, Al Innarelli, one of the Debtor's accountants as Becker CPA LLC, has identified the possibility that the Debtor may be entitled to a refund of as much as 60% of the taxes imposed on the sale of the French property, due to recent Court rulings in France in favor of non-residents. A copy of the letter from Mr. Innarelli to this effect is attached as Exhibit "B".

We are working with Mr. Innarelli to determine how to process a refund request after consultation with Mr. Innarelli's French contacts.

Dated: New York, New York
May 14, 2015

                                          Goldberg Weprin Finkel Goldstein LLP
*Counsel for Debtors*
1501 Broadway, 22nd Floor
New York, NY 10036
(212) 221-5700

By: /s/ Kevin J. Nash, Esq.

# EXHIBIT A

**Ted Donovan**

---

Subject:                    FW: morgan

**From:** David C. Virrill [mailto:dcv@robinsonbrog.com]
**Sent:** Thursday, May 14, 2015 3:25 PM
**To:** knash@gwfglaw.com; tdonovan@gwfglaw.com
**Cc:** Steven Eichel; David Bavli
**Subject:** morgan

Gentlemen: we are closing Thursday 5/21 2PM at our office, for funding Thursday 5/28, as Saturday 5/23 and Monday 5/25 are not business days. Ms. Morgan shall attend the closing.

Please confirm agreement that we will, on the funding date of Wednesday 5/27, wire the loan proceeds, net of deductions therefrom for origination, title, legal, etc, to the Trustee, and that the Trustee will immediately wire $600,000 from the proceeds to the CO attorney, who will authorize release from escrow of the deed in lieu for recording. The Trustee will copy me on his confirmation of receipt of the loan proceeds, and on the confirmations of receipt by the CO attorney and by Hannibal of their respective portions of the proceeds, and the Trustee will have the CO title company copy me on the recorded deed in lieu.

Please obtain a revised Stipulation extending closing through Wed. 5/27.

Also, I do not see in our file a payoff letter from Hannibal. Was one issued? Title company will need to see. We have the satisfactions of judgments.

Thanks, Dave


David C. Virrill, Jr. Esq.
Robinson Brog Leinwand Greene Genovese & Gluck P. C.
875 Third Avenue 9th Fl.
New York, NY 10022
212-603-0489
212-956-2164(fx)

1

# EXHIBIT B

# BECKER CPA LLC
CERTIFIED PUBLIC ACCOUNTANTS

420 LEXINGTON AVENUE
NEW YORK, NEW YORK 10170
TEL: 212-223-8310
FAX: 646-688-5627
WWW.BECKERTAX.COM

VIA EMAIL

April 30, 2015

Kevin Nash, Esq.
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway, 22nd Floor
New York, NY 10036

RE:    Sonja Tremont-Morgan

Dear Kevin:

We have recently discovered that Sonja may be entitled to a refund of a portion of the capital gain tax that was withheld from the proceeds of the sale of the French residence.

In a recent French Administrative Supreme Court case (Conseil d'etat, October 20th, 2014, #367334), the court determined that the capital gains rate of 33.33% imposed on the sale of French real property held by French pass-through entities owned by non-European residents (such as the one that Sonja owned) was illegal, in that it was discriminatory, because the rate applied to similar sales from European residents was 19%, a difference of 14.33%.

Additionally, the European Court of Justice ("ECJ"), in another case, determined that the 15.5% Social Charge (which is equivalent to our social security tax) which was assessed against the capital gain was also illegal.

Based upon the foregoing, it appears that she will be entitled to a refund of approximately 60% of the taxes that were imposed on the sale. At this point, we believe that the effects of this reduction on the foreign tax credit that she will be entitled to for U.S. tax purposes will be minimal.

Please call us when you get a chance so that we can discuss how to proceed.

Regards,

*Al Innarelli*
Al Innarelli

cc: Sonja Morgan
    Ted Donovan